## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GERALD AND GINA FREDERICK,   :

                                :   **Case No.**

          **Plaintiffs**        :

                                :

   **v.**                           :

                                :

**PORTFOLIO RECOVERY**       :

**ASSOCIATES, LLC and**        :

**PHILADELPHIA WRIT SERVICES,**  :

                                :

          **Defendant.**

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** on this date, Defendant Portfolio Recovery Associates, LLC hereby removes the above-captioned matter to this Court from the Court of Common Pleas of Philadelphia County, and in support thereof avers as follows:

1. Defendant Portfolio Recovery Associates, LLC is a defendant in a civil action originally filed on or about March 31, 2017, in the Court of Common Pleas of Philadelphia County, titled *Gerald and Gina Frederick v. Portfolio Recovery Associates, LLC and Philadelphia Writ Services,* and docketed to Case ID 170603113.

2. This removal is timely under 28 U.S.C. § 1446(b). PRA first received a copy of Plaintiff's Complaint by service on June 30, 2017.

3. Pursuant to 28 U.S.C. § 1446, attached hereto as Exhibit A are copies of all process, pleadings and orders received by PRA in the state court action.

1

4.     The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that Plaintiff has filed claims against Defendant alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

5.     On this date, PRA has provided notice of this removal to all parties. Upon assignment of a docket number, Defendant will provide notice of this removal to the Court of Common Pleas of Philadelphia County, Pennsylvania.

6.     Defendant Philadelphia Writ Services consents to removal. See Exhibit B.

WHEREFORE, Defendant Portfolio Recovery Associates, LLC removes this case to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**BARRON & NEWBURGER, P.C.**

By: _____

LAUREN M. BURNETTE, ESQUIRE
PA I.D. No. 92412
450-106 State Road 13 N., Suite 326
St. Johns, FL 32259
(904) 201-9120
lburnette@bn-lawyers.com
Counsel for Defendant Portfolio Recovery
Associates, LLC

Dated:  July 28, 2017

## CERTIFICATE OF SERVICE

I certify that on July 28, 2017, a true copy of the foregoing document was

served on the persons below via electronic means:

Fred E. Davis, Esquire
Davis Consumer Law Firm
500 Office Ctr. Drive
Suite 400
Ft. Washington, PA  19034
*Counsel for Plaintiff*

Lauren B. Plevinsky
Billet Hillsley LLC
2000 Market Street, Suite 2803
Philadlephia, PA 19103
*Counsel for Defendant Philadelphia Writ Services*

**BARRON & NEWBURGER, P.C.**

By:   */s/ Lauren M. Burnette*
LAUREN M. BURNETTE, ESQUIRE
PA I.D. No. 92412
450-106 State Road 13 N., Suite 326
St. Johns, FL 32259
(904) 201-9120
lburnette@bn-lawyers.com
Counsel for Defendant Portfolio Recovery
Associates, LLC

Dated:  July 28, 2017

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**JUNE 2017**

E-Filing Number 1706066088

**003113**

| | |
|---|---|
| PLAINTIFF'S NAME<br>GERALD FREDERICK | DEFENDANT'S NAME<br>PORTFOLIO RECOVERY ASSOCIATES, LLC |
| PLAINTIFF'S ADDRESS<br>520 SUSQUEHANNA RD.<br>PHI PA 19111 | DEFENDANT'S ADDRESS<br>140 CORPORATE BLVD<br>NORFOLK VA 23502 |
| PLAINTIFF'S NAME<br>GIANA FREDERICK | DEFENDANT'S NAME<br>PHILADELPHIA WRIT SERVICES |
| PLAINTIFF'S ADDRESS<br>520 SUSQUEHANNA RD.<br>PHI PA 19111 | DEFENDANT'S ADDRESS<br>1080 DELAWARE AVE<br>PHI PA 19125 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 2 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☒ $50,000.00 or less<br>☐ More than $50,000.00 | ☒ Arbitration<br>☐ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

10 - CONTRACTS OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

**JUN 28 2017**

**M. BRYANT**

IS CASE SUBJECT TO
COORDINATION ORDER?
YES   NO

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>GERALD FREDERICK , GIANA FREDERICK</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>FRED E. DAVIS | ADDRESS<br>500 OFFICE CTR DR<br>SUITE 400 |
|---|---|
| PHONE NUMBER    FAX NUMBER<br>(855)432-8475    (855)435-9294 | FT. WASHINGTON PA 19034 |
| SUPREME COURT IDENTIFICATION NO.<br>93907 | E-MAIL ADDRESS<br>freddavis04@aol.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>FRED DAVIS | DATE SUBMITTED<br>Wednesday, June 28, 2017, 09:38 am |

FINAL COPY (Approved by the Prothonotary Clerk)

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:15 AM - 04/05/2018
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present
at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
There is no right to a trial denovo on appeal from a decision entered by a Judge

Fred Davis, Esq.                                    ATTORNEY FOR PLAINTIFF

Identification No. 93907

DAVIS CONSUMER LAW FIRM
500 OFFICE CTR DR-STE 400
FT. WASHINGTON, PA 19034
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

*Filed and Attested by the
Office of Judicial Records
28 JUN 2017 08:36 am
BRYANT
DISTRICT OF*

| | |
|---|---|
| GERALD AND GIANA FREDERICK<br>520 Susquehanna Rd.<br>Phila, PA<br>19111 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| *Plaintiffs* | CIVIL ACTION |
| v. | |
| PORTFOLIO RECOVERY<br>ASSOCIATES, LLC<br>140 Corporate Blvd.<br>Norfolk, VA<br>23502 | DOCKET NO.: |
| *Defendant* | |
| And | |
| PHILADELPHIA WRIT SERVICES<br>1080 Delaware Ave<br>Phila, PA<br>19125 | |
| *Defendant* | |

## NOTICE TO DEFEND
### CODE: 1900

You have been sued in court. If you wish to defend against the claims set forth in the
following pages, you must take action within twenty (20) days after this complaint and
notice are served, by entering a written appearance personally or by attorney and filing in
writing with the court your defenses or objections to the claims set forth against you.
You are warned that if you fail to do so the case may proceed without you and a
judgment may be entered against you by the court without further notice for any money
claimed in the complaint or for any other claim or relief requested by the plaintiff. You
may lose money or property or other rights important to you.

1

Case ID: 170603113

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

## PHILADELPHIA COUNTY BAR ASSOCIATION-LAWYER REFERRAL& INFO SERVICE

Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107
Phone: (215) 238-6300
Fax: (215) 238-1159

### AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas de estas demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo al partir de ia fecha de la demanda y ia notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, le corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

### SERVICIO DE REFERENCIA LEGAL
Colegio de Abogados de Philadelphia
1101 Market Street, 11th Floor
Philadelphia, PA 19107
Phone: (215) 238-6300
Fax: (215) 238-1159

2

Fred Davis, Esq.     ATTORNEY FOR PLAINTIFF
Identification No. 93907
DAVIS CONSUMER LAW FIRM
500 OFFICE CTR DR-STE 400
FT. WASHINGTON, PA 19034
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

| | |
|---|---|
| GERALD AND GIANA FREDERICK<br>520 Susquehanna Rd.<br>Phila, PA<br>19111 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| *Plaintiffs* | CIVIL ACTION |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES,<br>LLC<br>140 Corporate Blvd.<br>Norfolk, VA<br>23502 | DOCKET NO.: |
| *Defendant* | |
| And | |
| PHILADELPHIA WRIT SERVICES<br>1080 Delaware Ave<br>Phila, PA<br>19125 | |
| *Defendant* | |

## COMPLAINT

1. Plaintiff, GERALD FREDERICK, is an adult individual citizen

and legal resident of the State of Pennsylvania, living at 520 Susquehanna Rd., Phila, Pa

19111.

2. Plaintiff, Giana Frederick, is a minor and biological child of

Plaintiff Gerald Frederick, and legal resident of the State of Pennsylvania, living at 520

Susquehanna Rd., Phila, Pa 19111.

3

Case ID: 170603113

3. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, is a business corporation qualified to and regularly conducting business in, the Commonwealth of Pennsylvania, with its legal residence and principal place of business at 140 Corporate Blvd., Norfolk, VA, 23502. Defendant can be served at that address.

4. Defendant, PHILADELPHIA WRIT SERVICES, is a business corporation qualified to and regularly conducting business in, the Commonwealth of Pennsylvania, with its legal residence and principal place of business at 1080 Delaware Ave, Phila, PA, 19125. Defendant can be served at that address.

5. Both Defendants regularly conduct "commerce" and "trade" within meaning of 73 P.S. § 201-2(3) and within the state of Pennsylvania and county of Chester.

6. Plaintiffs aver that at all times material hereto, Defendants acted by and through their authorized agents, servants, officers, and/or employees, including Defendant, all of whom were acting within the scope of their employment.

## JURISDICTION AND VENUE

7. Defendants regularly conduct business in the State of Pennsylvania and in the County of Philadelphia, therefore, personal jurisdiction is established. Additionally, the harm caused by Defendants occurred in Pennsylvania and was directed exclusively at residents of Pennsylvania.

8. Venue is proper in Philadelphia County pursuant to Pennsylvania Rules of Civil Procedure 1006 and 2179, as some/all of the transactions at issue occurred in Philadelphia County.

4

Case ID: 170603113

## FACTUAL ALLEGATIONS

9.          On or about April 5, 2017, Defendant Portfolio Recovery

Associates, LLC filed a lawsuit against Plaintiff Gerald Frederick in the Philadelphia

Municipal Court, bearing docket no.: SC-17-04-05-3483. *See Exhibit "A".*

10.         Defendant alleged it had standing to file and prosecute the lawsuit

because, it further alleged, the underlying account/debt (a "CIT ONLINE/DELL

FINANCIAL SERVICES" account ending in #3644) had ultimately been sold to

Defendant, albeit after multiple prior assignments. *See Exhibits "B" and "C".*

11.         Defendant categorized the account/debt as a "consumer purchase",

and claimed it was entitled to $4,349.74 in damages and court costs. *See Exhibit "A".*

12.         Plaintiffs allege and aver that, at some point thereafter but before April

20, 2017, Defendant Portfolio Recovery Associates, LLC retained the services of

"Philadelphia Writ Services", of whom, Plaintiffs allege and aver, William C. Cox is an

employee.

13.         Plaintiffs allege and aver that, on or about April 20, 2017, William C. Cox

appeared at Plaintiffs' residence, 520 Susquehanna Rd., Phila, Pa 19111.

14.         Plaintiffs allege and aver that Mr. Cox began banging on the door and

demanded entry, while Giana Frederick was the only one home at that time.

15.         Plaintiffs allege and aver that Plaintiff Giana Frederick informed Mr. Cox

that she was home alone, and was only 14 years old.

16.         Plaintiffs allege and aver that Mr. Cox nonetheless barged in and threw

the documents comprising Defendant Portfolio Recovery's lawsuit at minor Plaintiff

Giana Frederick, who was terrified.

17.         Plaintiffs allege and aver that Plaintiff Giana Frederick was extremely

5

upset and dismayed and she immediately called her mother, sobbing, and asked her to return home immediately to ease her anxiety and terror.

18.        Plaintiffs allege and aver that Defendant Portfolio Recovery Associates, LLC subsequently called them with a request to "settle" the alleged debt. Plaintiff Gerald Frederick, fearing for his family's safety, reluctantly agreed and provided bank account information for funds to be withdrawn, hoping this would end the nightmare.

19.        Plaintiffs allege and aver that funds had already been withdrawn from their bank accounts, but when Plaintiff Gerald Frederick called Defendant Portfolio Recovery Associates, LLC to acquire written confirmation of the settlement, he received only obstruction and indifference.

20.        Plaintiffs allege and aver that upon thinking more about the situation, they decided to retain counsel and defend the matter.

21.        On or about May 10, 2017, counsel for Plaintiff Gerald Frederick entered his appearance, and informed Defendant Portfolio Recovery Associates, LLC of his appearance as counsel and that no further funds were to be withdrawn from any accounts, because the matter was in dispute.

22.        On or about May 16, 2017, Defendant Portfolio Recovery Associates, LLC requested and was granted a continuance, with a trial scheduled for June 16, 2017.

23.        On or about June 16, 2017, Defendant Portfolio Recovery Associates, LLC failed to appear for trial and judgment y default was entered on behalf of Plaintiff Gerald Frederick.

6

## COUNT I-AS TO PORTFOLIO RECOVERY ASSOCIATES, LLC
## THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

24.    In its actions to collect a disputed debt, Plaintiffs allege and aver that Defendant Portfolio Recovery Associates, LLC violated the FDCPA in one or more of the following ways:

a.    Defendant misrepresented the status and amount of the alleged debt, as there was no proof Plaintiff owed anything, and Defendant thereby violated 15 U.S.C §1692e.

b.    Defendant repeatedly and continuously called Plaintiff telephonically, as well as unrelated third-parties, at irregular times and places, and often times failed to identify itself and inform Plaintiff of his rights, in violation of 15 U.S.C. §§ 1692c(a)(1) and d.

c.    Defendant sought to collect amounts comprised largely of improper fees and/or interest, and Defendants' collection efforts were thus in violation of 15 U.S.C. §§1692e and f.

d.    Defendant's lawsuit was a ruse designed to coerce a settlement on an otherwise frivolous lawsuit, as evidenced by the absence of documentary proof and failure to appear for trial, and Defendant thereby violated 15 U.S.C. §1692e(5). *See Exhibit "B".*

c.    Defendant misrepresented that it had viewed and/or possessed computerized records and hard copy documents evidencing the opening of the alleged account, when in fact Defendant never produced any executed account agreement or other signed documents demonstrating the opening of any account. Specifically, Plaintiffs allege and aver that the affidavit of Sharonetta Rodgers is replete with

7

falsehoods pertaining to documents she reviewed, when in fact she merely reviewed a computer screen containing the minimal information allegedly produced by the original creditor in data files and she never reviewed any documents such as account applications, terms and conditions of contracts, payment histories, monthly credit card statements totaling $4,232.74 in charges or fees/costs, or charge slips. *See Exhibit "C"*. Plaintiffs allege and aver that Defendant thereby violated 15 U.S.C. § 1692e(10).

      e.      Defendant misrepresented that an unsigned and undated document containing generic terms applied to Plaintiff's alleged account. Plaintiffs allege and aver that Defendant thereby violated 15 U.S.C. §§ 1692e(2)(a) and (10).

      f.      Despite receiving notice that Defendant had actual knowledge that Plaintiff disputed the debt and demanded a trial date, Defendant failed to timely notify the relevant credit bureau and update the status of the alleged debt as disputed. Plaintiffs allege and aver that Defendant thereby communicated false credit information about Plaintiff, in violation of 15 U.S.C. § 1692e(8).

      g.      Plaintiff further alleges and avers that despite failing to appear for trial, Defendant continued reporting the full amount of the alleged debt as delinquent/disputed, and/or failed to timely notify the relevant credit bureau and update the amount of the judgment. Plaintiffs allege and aver that Defendant thereby communicated false credit information about Plaintiff, in violation of 15 U.S.C. § 1692e(8).

      h.      Plaintiff further alleges and avers that the above conduct, as well as Defendants' willful violations of the provisions of 2015 CFPB 0023 (requiring the

acquisition and production of a minimal amount of authentic information establishing the veracity of the alleged debt and allegations within Defendants' lawsuit prior to filing that lawsuit) violated numerous provisions of 15 U.S.C. §§ 1692e(2), (5) and 15 U.S.C. § 1692f(1).

        i.     Plaintiffs allege and aver that Defendants' collection efforts surrounding this alleged debt caused Plaintiff to suffer material and ascertainable losses including, but not limited to: loss of time from work investigating the matter, time wasted attending to incessant communications, and all fees and costs associated with a legal investigation.

WHEREFORE, Plaintiffs, GERALD AND GIANA FREDERICK, respectfully pray for a judgment as follows:

        a.     All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

        b.     Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

        c.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs pursuant to 15 U.S.C. § 1693k(a)(3); and

        d.     Any other relief deemed appropriate by this Honorable Court.

## COUNT II-AS TO BOTH DEFENDANTS
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

25.     Plaintiffs hereby incorporate the preceding paragraphs by reference as through fully set forth.

9

Case ID: 170603113

26.     Defendants knew, or reasonably should have known that the conduct described herein would and did proximately result in physical and emotional distress to Plaintiff.

27.     At all relevant times, Defendants had the power, ability, authority and duty to stop engaging in the conduct described herein and/or to intervene or prohibit said conduct.

28.     Despite said knowledge, power and duty, Defendants negligently failed to act so as to stop engaging in the conduct described herein and/or to prevent or prohibit such conduct or otherwise protect Plaintiff. To the extent said negligent conduct was perpetrated by certain other Defendants, the instant Defendants confirmed and ratified said conduct with knowledge that Plaintiffs' emotional and physical distress would thereby increase, and with a wanton and reckless disregard for the deleterious consequences to Plaintiff.

29.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and continues to suffer serious emotional distress, humiliation, anguish, emotional and physical injuries, as well as economic losses, all to her damage in amounts to be proven at trial.

30.     Plaintiffs allege and aver that as a direct and proximate result of Defendants' conduct, Plaintiffs suffered severe and extreme emotional distress which includes, but is not limited to, harassment inflicted by Defendants' employees, agents and related representatives stemming from Defendants' attempt to intimidate Plaintiffs by forcing its lawsuit upon minor Plaintiff Giana Frederick, and misrepresented the existence and its possession of documentary evidence and of an amount of the alleged debt for which it knew no proof existed and misrepresentations surrounding the alleged debt.

10

31.    Plaintiffs hereby demand actual, compensatory and punitive damages for these violations.

## COUNT III-AS TO BOTH DEFENDANTS
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32.    Plaintiffs hereby incorporate the preceding paragraphs by reference as through fully set forth.

33.    Plaintiffs allege and aver that Defendants' conduct was extreme and outrageous, in that it maliciously employed legal processes to intimidate Plaintiffs by forcing its lawsuit upon minor Plaintiff Giana Frederick, and misrepresented the existence and its possession of documentary evidence and of an amount of the alleged debt for which it knew no proof existed.

34.    Plaintiffs allege and aver that Defendants' conduct was undertaken with the intent of causing, or with reckless disregard for the probability of causing, emotional distress to Plaintiff.

35.    Plaintiffs allege and aver that as a direct an proximate result of Defendants' conduct, Plaintiffs suffered severe and extreme emotional distress which includes, but is not limited to, harassment inflicted by Defendants' employees, agents and related representatives which stemmed from Defendants' deliberate and vexatious collection efforts.

36.    Plaintiffs hereby demands actual, compensatory and punitive damages for these violations.

11

Case ID: 170603113

## COUNT IV-AS TO BOTH DEFENDANTS
### THE PENNSYLVANIA UNFAIR TRADE PRACTICES ACT AND CONSUMER PROTECTION LAW ("UFTPL")

37.     Plaintiffs hereby incorporate all facts and allegations specified in paragraphs above, by reference as if fully set forth at length.

38.     Plaintiffs are "Person(s)" as defined by 73 P.S. § 201-2(2).

39.     Defendants are "Person(s)" as defined by 73 P.S. § 201-2(2).

40.     The Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 P.S. § 201-2(4), defines "unfair or deceptive acts or practices" to include the following:

(ii) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(iii) Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another;

(xvii) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

41.     Plaintiffs allege and aver that Defendants violated the Act by improperly disclosing sensitive financial information and misrepresenting that improper fees and exorbitant charges were part of the alleged debt.

42.     Plaintiffs further allege and aver that Defendants' misrepresentations surrounding the alleged debt were done solely to confuse and deceive Plaintiffs into thinking the debt was legitimate, and Defendant thereby violated the Act.

43.     The UTPCPL authorizes the Court, in its discretion, to award up to

12

three (3) times the actual damages sustained for violations, and/or $100.00 for statutory damages. Plaintiffs aver entitlement to all actual and statutory damages, as well as written confirmation that Defendants has properly reported to the relevant credit bureaus accurate information surrounding the invalidation of the bogus "debt", plus treble that amount, and attorney fees and costs, for Defendants' per se and statutory violations of Pennsylvania Law.

## COUNT V-AS TO BOTH DEFENDANTS
## NEGLIGENCE

44.    Plaintiffs hereby incorporate all facts and allegations specified in paragraphs above, by reference as if fully set forth at length.

45.    The representations upon which Defendant sold the vehicle were negligent in that Defendant knew, or should have known the true age of the person upon whom the lawsuit bearing Philadelphia Municipal Court docket no. SC-17-04-05-3483.

46.    Plaintiffs aver that Defendant failed to act in accordance with its obligations, and failed to advise Plaintiffs of the truth of the illegality and that the unconscionability of its improper and aggressive forcing of the documents (comprising the lawsuit bearing Philadelphia Municipal Court docket no. SC-17-04-05-3483) upon minor Plaintiff Giana Frederick, was all for the explicit purpose of financial gain to the Defendants.

47.    Plaintiffs aver that the following acts of Defendants were negligent specifically:

    a.    Failing to disclose an accurate depiction of the age of the person upon whom Defendants forced the documents comprising Defendants' bearing Philadelphia Municipal Court lawsuit bearing docket no. SC-17-04-05-3483;

    b.    Failing to advise minor Plaintiff Giana Frederick of her legal rights regarding service of process;

13

     c.     Failing to abide by laws regarding entry on premises and service of

process in Philadelphia, PA;

     d.     Failing to effectuate service of process in a respectful and non-

aggressive manner;

     e.     Failing to abide by Defendants' legal obligations to investigate

whether service was properly effectuated;

     f.     Failure by Defendant Portfolio Recovery Associates, LLC to

properly retain and supervise the person(s) engaged in service of process on its behalf.


DAVIS CONSUMER LAW FIRM


By:   /s/

       Fred Davis PA ID# 93907
       Attorney for Plaintiff, GERALD AND GIANA
       FREDERICK
       500 Office Center Drive-Suite 400
       Ft. Washington, PA   19034
       Tel – 1-855-432-8475/Facsimile-1-855-435-9294
       Email: fdavis@usacreditlawyer.com

14

## V E R I F I C A T I O N

Gerald Frederick, states that he is the adult Plaintiff herein; that he is acquainted

with the facts set forth in the foregoing Complaint; that same are true and correct to the

best of his knowledge, information and belief; and that he is duly authorized to bring suit

on his and Giana Frederick's behalf, and acknowledges that this statement is made

subject to the Penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsifications to

authorities.

DAVIS CONSUMER LAW FIRM

By:  _Gerald Frederick_
     Plaintiff, GERALD FREDERICK

15

Case ID: 170603113

## VERIFICATION

Giana Frederick, states that she is the minor Plaintiff herein; that she is acquainted

with the facts set forth in the foregoing Complaint; that same are true and correct to the

best of her knowledge, information and belief; and acknowledges that this statement is

made subject to the Penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsifications to

authorities.

DAVIS CONSUMER LAW FIRM

By: _Giana Frederick_____
    Plaintiff, GIANA FREDERICK

16

Case ID: 170603113

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:15 AM - 04/05/2018
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present
at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
There is no right to a trial denovo on appeal from a decision entered by a Judge.

*Filed and Attested by the*
*Office of Judicial Records*
*28 JUN 2017 08:36 am*
*BRYANT*

# EXHIBIT

# "A"

Case ID: 170603113



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

Marsha H. Neifield, President Judge   Patricia R. McDermott, Deputy Court Administrator

## STATEMENT OF CLAIM

Code: Consumer Purchase - (4)

SC/CP: # SC-17-04-05-3483

| Portfolio Recovery Associates, LLC<br>140 Corporate Blvd.<br>Norfolk, VA 23502 | GERALD A FREDERICK<br>520 SUSQUEHANNA RD<br>PHILADELPHIA, PA 19111 |
|---|---|
| *Plaintiff(s)* | *Defendant(s)* |

Service Address (Information) if other than above:

**To the Defendant:** *Plaintiff is seeking a money judgment against the **Defendant(s)** based on the following claim:*
Plaintiff is the purchaser, assignee, and/or successor in interest to CIT ONLINE BANK. CIT ONLINE BANK issued defendant's DELL FINANCIAL SERVICES, LLC account at the request of the defendant. Defendant used the credit account to purchase goods and/or services and now owes Plaintiff $4232.74 with credit being given for any amounts paid by Defendant.

## Summons to the Defendant
**You are hereby ordered to appear at a hearing scheduled as follows:**

### Citation al Demandado
**Por la presenta, Usted esta dirijido a presentarse a la siguiente:**

1339 Chestnut Street 6th Floor
Philadelphia, PA 19107
Hearing Room: 5

May 19th, 2017

10:00 AM

## Amount Claimed

| | | |
|---|---|---|
| Principal | $ | 4232.74 |
| Interest | $ | 0.00 |
| Attorney Fees | $ | 0.00 |
| Other Fees | $ | 0.00 |
| **Subtotal** | $ | 4232.74 |
| Service | $ | 27.00 |
| State Fee | $ | 10.00 |
| Automation Fee | $ | 5.50 |
| Convenience Fee | $ | 5.00 |
| JCS St. Add. Surcharge | $ | 11.25 |
| JCS St. Add. Fee | $ | 2.25 |
| ATJ Fee | $ | 2.00 |
| ATJ Surcharge | $ | 10.00 |
| Court Costs | $ | 44.00 |
| **TOTAL CLAIMED** | $ | 4349.74 |

Date Filed: 04/05/2017

I am a plaintiff in this statement of claims action. I hereby verify that I am authorized to make this verification and that the facts set forth above are true and correct to the best of my knowledge, information and belief. I understand that this verification is made subject to the penalties set forth in 18 Pa. C.S. § 4904, which concerns the making of unsworn falsifications to authorities.

CARRIE A. BROWN

**Signature Plaintiff/Attorney**
**Atty ID #:** 094055

**Address &** 140 CORPORATE BOULEVARD
**Phone** NORFOLK, VA 23502
888-772-7326

NOTICE TO THE DEFENDANT, YOU HAVE BEEN SUED IN COURT.
PLEASE SEE ATTACHED NOTICES

AVISO AL DEMANDADO LE HAN DEMANDADO EN CORTE. VEA POR FAVOR
LOS AVISOS ASOCIADOS.

If you wish to resolve this matter without appearing in court, please contact the attorney shown above immediately.

Case ID: 170603113

Case ID: 170603113

EXHIBIT

"B"

## VERIFICATION

##### (To be used by a person associated with the present creditor)

I, ___Sharonetta Rodgers___ , hereby verify that:

1. I am employed by Portfolio Recovery Associates, LLC as Custodian of Records and am authorized to make this Verification on behalf of Portfolio Recovery Associates, LLC. Portfolio Recovery Associates, LLC is the successor in interest to CIT ONLINE BANK / DELL FINANCIAL SERVICES, LLC.

2. I reviewed the following [x] (a) computerized documents; [x] (b) hard copy documents; and [ ] (c) other (specify) Account Records relating to Account number: ***************3644. The foregoing Account of CIT ONLINE BANK / DELL FINANCIAL SERVICES, LLC was opened on March 29, 2007 in the name of GERALD A FREDERICK. The accounts/documents that I reviewed were produced by CIT ONLINE BANK / DELL FINANCIAL SERVICES, LLC.

3. Based on my review of the foregoing documents, there is due and payable the principal sum of $4,232.74. This sum includes the following (check all that are appropriate): [ x ] interest; [ x ] late fees; [ ] collection fees; and [ x ] any other additional fees permitted under the terms of agreement with the debtor named in paragraph 2 above and CIT ONLINE BANK / DELL FINANCIAL SERVICES, LLC. This sum does not include the following (check all that are appropriate): [ ] interest; [ ] late fees; [ x ] collection fees; and [ ] any other additional fees permitted under the terms of the agreement with the debtor named in paragraph 2 above and CIT ONLINE BANK / DELL FINANCIAL SERVICES, LLC.

4. Based on my review of the foregoing documents, there are no payments that have not been credited.

5. The facts set forth in this Verification are true and correct to the best of my knowledge, information and belief. The Verification is made subject to the penalties for making an unsworn falsification to authorities in violation of 18 Pa. C.S. §4904.

___MAR 22 2017___

DATE

___Sharonetta Rodgers___ , CUSTODIAN

22-08919



This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

Case ID: 170603113

# EXHIBIT

## "C"

## EXHIBIT A-1

## TO

## BILL OF SALE

The Purchased Accounts are the Charged-Off Accounts that are included in the file

named FY16 FFDS FCO HR Month 11.xls dated 12/07/2015 and incorporated herein by

reference, which is defined in the Agreement as the Purchased Accounts File.

Dell - Restricted - Confidential
FY16 FFDS FCO HR Bill of Sale Month 11

**BILL OF SALE**

FOR VALUE RECEIVED, and pursuant to the terms and conditions of the Account Purchase Agreement ("Account Purchase Agreement") among WebBank ("Bank"), Dell Revolver Company L.P. ("Revolver"), and Dell Financial Services L.L.C. ("DFS"), dated January 7, 2011, Bank does hereby sell, assign and convey to DFS as Designee for Revolver, its successors and assigns, as of the charge off date thereof, title and interest of Bank in and to those certain accounts described in Schedule 1 attached hereto and made a part hereof for all purposes. Terms used herein shall have the meanings set forth in the Account Purchase Agreement.

This BILL OF SALE is executed without recourse and without representation of any warranty of collectability or otherwise, expressed or implied, except as may be specifically provided in the Program Documents.

Dated this 15th day of December, 2015.

WEBBANK

By: _____

Name: ___Kelly M. Barnett___

Title: ___President___

P6?

**EXHIBIT 5.2**

## BILL OF SALE

KNOW ALL PERSONS BY THESE PRESENT that CIT BANK ( "Transferor"), in consideration of the Account Transfer Agreement dated as of November 12 2009, between Transferor and WEBBANK (the "Transfer Agreement"), and other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged, does hereby grant, bargain, sell, transfer, assign and deliver, without recourse except as expressly set forth in the Transfer Agreement, to WEBBANK ("Transferee"), all right, title, and interest it holds in, all of the Accounts (capitalized terms used herein are as defined in the Transfer Agreement):

TO HAVE AND TO HOLD the same unto Transferee, its successors and permitted assigns, forever, Transferor does hereby covenant and agree that it will from time to time, as reasonably requested by Transferee, its successors and permitted assigns, do, execute, acknowledge and deliver to Transferee or its successors and permitted assigns, all further acts, transfers, conveyances, assignments, powers of attorney, and additional papers and instruments, and do or cause to be done all and any other acts or things as often as may be reasonably proper or necessary for better conveying, transferring and assigning all of the Accounts hereby conveyed, transferred and assigned, and to effectively carry out the intent hereof, and to vest in Transferee such title and interests as Transferor holds, free and clear of any lien created by Transferor, in and all of the said Accounts except for any interest of Dell Financial Services LLC and its affiliates.

IN WITNESS WHEREOF, Transferor, through its authorized officer, has caused this Bill of Sale to be executed in its name as of the 14th day of November, 2009.

TRANSFEROR

By: _____
Name: John Taylor
Title: President

Case ID: 170603113

## BILL OF SALE

FOR VALUE RECEIVED, and pursuant to the terms and conditions of the Master Account Purchase Agreement between Dell Financial Services L.L.C. ("Seller") and Portfolio Recovery Associates, LLC ("Purchaser"), dated as of 01/30/2015 ("Effective Date"), and incorporated herein by reference, Seller does hereby sell, assign, transfer, deliver and convey to Purchaser, and its successors and assigns all rights, title and interests of Seller in and to those certain Purchased Accounts described in Exhibit A -1 attached hereto and made a part hereof for all purposes.

For purposes of this Bill of Sale the File Creation Date shall be 12/07/2015. Unless otherwise defined herein, all capitalized terms appearing in this Bill of Sale shall have the meanings defined for such terms in the Agreement.

To the best of Seller's knowledge and belief, all of the information contained in the Purchased Accounts File, and Seller's Purchased Accounts Information, is and shall be true, complete, accurate and not misleading in any material respect. Further, all of the information contained in Seller's Purchased Accounts Information (a) constitutes Seller's own business records regarding the Purchased Accounts; and (b) accurately reflects in all material respects the information about the Purchased Accounts in Seller's possession. All of Seller's Purchased Accounts Information has been kept in the regular course of Seller's business, and was made or compiled at or near the time of the event and recorded by (or from information transmitted by) a person (i) with knowledge of the data entered into and maintained in Seller's business records, or (ii) who caused the data to be entered into and maintained in Seller's business records. It is the regular practice of Seller's business to maintain and compile such data.

Case ID: 170603113

This BILL OF SALE is executed without recourse and without any representation or any warranty of collectability or otherwise, expressed or implied, except as provided in the Account Purchase Agreement.

EXECUTED this 17th day of December, 2015

SELLER:

DELL FINANCIAL SERVICES L.L.C.

By: _____

Print
Name: Stephen Sippel

Print
Title: Executive Director, Risk Operations

PURCHASER:

PORTFOLIO RECOVERY ASSOCIATES, LLC

By: _____

Print
Name: Chris Graves

Print
Title: Authorized Signer

Dell - Restricted - Confidential
FY16 FFDS FCO HR Bill of Sale Month 11

Case ID: 170603113

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GERALD AND GINA FREDERICK,          :
                                    :   Case No.
             Plaintiffs             :
                                    :
      v.                            :
                                    :
PORTFOLIO RECOVERY                  :
ASSOCIATES, LLC and                 :
PHILADELPHIA WRIT SERVICES,         :
                                    :
             Defendant.             :

## CONSENT TO REMOVAL

Without waiving any of its defenses or any other rights, Defendant Philadelphia Writ Services hereby consents to the notice of removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania. Removal of this action is proper for the reasons set forth in the Notice of Removal and Exhibits thereto filed by Portfolio Recovery Associates, LLC. Defendant Philadelphia Writ Services accepted service of Plaintiff's Complaint on July 21, 2017.

DATE: 7/28/17

                              BILLET HILLSLEY LLC


                              By:_____
                                ROBERT DOUGLAS BILLET, ESQUIRE
                                LAUREN BETH PLEVINSKY, ESQUIRE
                                Attorneys for defendant Philadelphia
                                Writ Services