IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD and GIANA FREDERICK | NO. 17-cv-03421 |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, and PHILADELPHIA WRIT SERVICES | CIVIL ACTION |

**ANSWER OF DEFENDANT PHILADELPHIA WRIT SERVICES TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIM**

**ANSWER**

1. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law.

2. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law.

3. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law.

4. Admitted.

5. Denied. Said averments contain conclusions of law which are deemed denied.

6. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore denied as a matter of law.

Answering defendant separately and specifically denies all allegations regarding agency, and answering defendant is without knowledge or information sufficient to formulate a belief as to the truth of the averments regarding the identity of unidentified agents and representatives and therefore deny same and demand strict proof thereof at time of trial, if relevant. To the extent that said averments contain conclusions of law, no response is required, and said averments are therefore denied as a matter of law.

## JURISDICTION AND VENUE

7. Admitted in part; denied in part. It is admitted that answering defendant regularly conducts business in Pennsylvania. As for the remaining averments, answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore denied as a matter of law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

8. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore denied as a matter of law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

## FACTUAL ALLEGATIONS

9. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law.

10. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law.

11. Denied. Answering defendant is without knowledge or information sufficient to

form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law.

12. Admitted in part; denied in part. It is admitted that answering defendant was retained by Portfolio Recovery Associates, LLC. The remaining allegations are denied. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

13. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

14. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

15. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

16. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

17. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of

law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

18. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

19. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

20. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

21. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

22. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

23. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

### COUNT I – AS TO PORTFOLIO RECOVERY ASSOCIATES, LLC
### THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

24. (a-i) Denied. Said averments are directed to another defendant, other than the answering defendant, to which no response is required. To the extent a response is required, answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore denied as a matter of law. To the extent that said averments contain conclusions of law, they are deemed denied.

WHEREFORE answering defendant Philadelphia Writ Services demands judgment in its favor.

### COUNT II – AS TO BOTH DEFENDANTS
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

25. Answering defendant incorporates its answers to paragraphs 1 through 24, inclusively, as fully as though herein set forth at length.

26. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

27. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of

law.  To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

28.	Denied.  Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law.  To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

29.	Denied.  Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law.  To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

30.	Denied.  Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law.  To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

31.	Denied.  Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law.  To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

WHEREFORE answering defendant Philadelphia Writ Services demands judgment in its favor.

## COUNT III – AS TO BOTH DEFENDANTS
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32.	Answering defendant incorporates its answers to paragraphs 1 through 31, inclusively, as fully as though herein set forth at length.

33. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

34. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

35. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

36. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

WHEREFORE answering defendant Philadelphia Writ Services demands judgment in its favor.

### COUNT IV – AS TO BOTH DEFENDANTS
### THE PENNSYLVANIA UNFAIR TRADE PRACTICES ACT AND
### CONSUMER PROTECTION LAW ("UFTPL")

37. Answering defendant incorporates its answers to paragraphs 1 through 36, inclusively, as fully as though herein set forth at length.

38. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

39. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

40. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

41. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

42. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

43. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of

law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

WHEREFORE answering defendant Philadelphia Writ Services demands judgment in its favor.

### COUNT V – AS TO BOTH DEFENDANTS
### NEGLIGENCE

44. Answering defendant incorporates its answers to paragraphs 1 through 43, inclusively, as fully as though herein set forth at length.

45(a-f). Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments, which are therefore deemed denied as a matter of law. To the extent said averments contain conclusions of law, they are deemed denied as a matter of law.

WHEREFORE answering defendant Philadelphia Writ Services demands judgment in its favor.

### AFFIRMATIVE DEFENSES

1. The plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

2. The causes of actions set forth in the plaintiff's Complaint are barred or limited by the terms of the Pennsylvania Comparative Negligence Act, the relevant provisions of which are incorporated by reference herein, and made a part hereof, as fully as though herein set forth at length.

3. The plaintiff has failed to join indispensable, necessary, and proper parties.

4. All allegations pertaining to agency, supervision, or control are specifically denied, and strict proof, if deemed relevant, will be demanded at the time of the trial.

5. If the plaintiffs sustained damages as alleged in the Complaint, and said damages were the direct and proximate result of the negligence, carelessness, recklessness, lack of due care, willful and wanton misconduct, or other acts or omissions to act of individuals, parties, or entities other than the plaintiffs themselves, then the plaintiffs' damages were the direct and proximate result of the negligence, carelessness, lack of due care, willful and wanton misconduct, or other acts or omissions to act of other individuals, parties, or entities other than the answering defendant, over whom the answering defendant had no control or right of control.

6. Collateral estoppel and/or res judicata apply to bar litigation of issues previously adjudicated concerning the case of action set forth in the plaintiffs' Complaint.

7. Plaintiffs' damages, if any, were the result of unforeseeable, intervening, and/or superseding causes and/or acts of others unrelated to the conduct of the answering defendant.

8. Any damages claimed by the plaintiffs, the existence of which are specifically denied, were caused in whole or in part, by the actions or inactions of third parties over whom the answering defendants had no control or right of control.

9. The cause of action as set forth in plaintiffs' Complaint is barred or limited by the terms of any and all contracts and/or subcontracts or other contracts, subcontracts, or agreements in effect at the time of the accident which governed the relationships among the parties.

10. Plaintiffs have filed to mitigate their damages.

11. Plaintiffs' causes of action are barred by the applicable statute of limitations.

12. No act or omissions by answering defendant was the proximate or legal cause of any loss and/or damage sustained by plaintiffs.

13. Plaintiff has suffered no compensable damages.

14. Plaintiffs' Complaint and causes of action are barred or limited by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., the terms of which are incorporated by reference herein as fully as though herein set forth at length.

15. Plaintiffs' Complaint and causes of action are barred or limited by the Pennsylvania Unfair Trade Practices Act and Consumer Protection Law, 73 P.S. § 201, et seq., the terms of which are incorporated by reference herein as fully as though herein set forth at length.

16. Answering defendant did not owe a duty of care to plaintiffs and/or have not breached any duty of care if any was owed to plaintiffs.

17. Answering defendant did not commit any extreme or outrageous conduct.

18. Answering defendant is not liable for any of the alleged actors, including, but not limited to, William Cox and Portfolio Recovery Associates, LLC, whether by vicarious liability, imputed liability, respondeat superior, indemnity, or otherwise.

WHEREFORE, answering defendant Philadelphia Writ Services demands judgment in its favor.

### CROSSCLAIM AGAINSTS PORTFOLIO RECOVERY ASSOCIATES, LLC, FOR CONTRIBUTION AND/OR INDEMNIFICATION

1. If plaintiffs sustained injuries and damages as alleged in the plaintiffs' Complaint, and said injuries and damages were the direct and proximate result of the negligence or other acts or omissions to act of any party other then the plaintiffs themselves, said allegations being specifically denied, then the injuries and damages alleged by plaintiffs were the direct proximate result of the negligence or other acts or omissions to act of defendant Portfolio Recovery Associates, LLC, who is hereby joined as an additional defendant and is alone liable, jointly and severally liable, or liable

over to answering defendant Philadelphia Writ Services by way of contribution and/or indemnification.

2.  Answering defendant Philadelphia Writ Services hereby crossclaims against defendant Portfolio Recovery Associates, LLC, for indemnification, insurance coverage, and a defense pursuant to any and all contracts, agreements, and/or other terms governing the relationships between and among answering defendant Philadelphia Writ Services and defendant Portfolio Recovery Associates, LLC, the relevant provisions of which are incorporated by reference herein, and made a part hereof, as fully as though herein set forth at length.

WHEREFORE, answering defendant Philadelphia Writ Services demands judgment in its favor and against defendant Portfolio Recovery Associates, LLC, who is hereby joined as an additional defendant, and who is alone liable, jointly and severally liable, or liable over to answering defendant Philadelphia Writ Services by way of contribution and/or indemnification.

BILLET HILLSLEY LLC

By: _____
ROBERT DOUGLAS BILLET, ESQUIRE
LAUREN BETH PLEVINSKY, ESQUIRE

2000 Market Street, Suite 2803
Philadelphia, PA  19103-3201
215-496-7500/fax 7505
rbillet@billetlaw.com
lplevinsky@billetlaw.com

Attorneys for defendant Philadelphia Writ Services

| | |
|---|---|
| BILLET HILLSLEY LLC<br>Robert Douglas Billet, Esquire<br>Lauren B. Plevinsky, Esquire<br>Attorney I.D. 38430/313078<br>2000 Market Street, Suite 2803<br>Philadelphia, PA  19103-3201<br>215-496-7500/fax 7505<br>rbillet@billetlaw.com<br>lplevinsky@billetlaw.com | Attorneys for defendant Philadelphia Writ Services |

| | | |
|---|---|---|
| GERALD and GIANA FREDERICK | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| v. | : | JUNE TERM 2017<br>NO. 03113 |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, and PHILADELPHIA WRIT SERVICES | : | CIVIL ACTION |

## CERTIFICATION OF SERVICE

I, Lauren B. Plevinsky, Esquire, hereby certify that a true and correct copy of the Answer of defendant Philadelphia Writ Services to plaintiffs' Complaint with Affirmative Defenses and Crossclaim was served upon all counsel and unrepresented parties by electronic filing, e-mail, fax, and/or regular first-class mail, postage pre-paid, on August 11, 2017.

BILLET HILLSLEY LLC

By: _[signature]_
ROBERT DOUGLAS BILLET, ESQUIRE
LAUREN BETH PLEVINSKY, ESQUIRE

2000 Market Street, Suite 2803
Philadelphia, PA  19103-3201
215-496-7500/fax 7505
rbillet@billetlaw.com
lplevinsky@billetlaw.com

Attorneys for defendant Philadelphia Writ Services